IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 19-cv-03556-RM-GPG

ALON BARAK,
KR8TIV, LLC, a Wyoming limited liability company, and
KR8TIV GROUP, LLC, a Delaware limited liability company,

      Plaintiffs,

v.

ROOSTER'S GUIDE & OUTFITTING ADVENTURES, a Colorado company a/k/a Rocky Mountain Natural Organics,
RODNEY COGBURN,
AVA COGBURN,
SHEREE COGBURN WALCHER, and
BEN WALCHER,

      Defendants.

---

**ORDER**

---

      This diversity case is before the Court on Defendants' Motion to Dismiss (ECF No. 130), seeking dismissal of the claims raised in Plaintiff's Third Amended Complaint (ECF No. 99). Plaintiff filed a Response to the Motion (ECF No. 131), but Defendants have not filed a Reply. For the reasons below, the Motion is denied.

**I.    LEGAL STANDARD**

      Although Defendants move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b), such a motion is technically impermissible because they had already filed their Answer when the

Motion was filed.  (*See* ECF No. 121.)[1]  Nonetheless, the Court will treat the Motion as if it had been submitted as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) and apply the same standard in evaluating Plaintiffs' claims.  *See Swearingen v. Honeywell, Inc.*, 189 F. Supp. 2d 1189, 1193 (D. Kan. 2002) (noting that "[t]he distinction between the two rules is purely one of procedural formality").

In evaluating a motion to dismiss under either rule, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014); *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010).  The complaint must allege a "plausible" right to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.14 (2007); *see also id.* at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.").  In other words, Plaintiffs must include enough facts to nudge their claims across the line from conceivable to plausible.  *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011).  Conclusory allegations are insufficient, *Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Twombly*, 550 U.S. at 555 (quotation omitted).

II.     **BACKGROUND**

According to the Complaint, Plaintiffs and Defendant Rooster's Guide and Outfitting Adventures ("Roosters") entered into a joint venture pursuant to two contracts.  (ECF No. 99, ¶¶ 18, 24.)  The purpose of the joint venture was to cultivate industrial hemp for sale.  (*Id.*

---

[1] That Answer has since been superseded by Defendants Second Amended Answer.  (*See* ECF No. 162.)

at ¶ 26.)  Plaintiffs' role was to fund the expenses of the joint venture; Roosters' role was to provide the land and labor.  (*Id.* at ¶ 28.)  After reimbursing the parties' expenses, the profits were to be split between Plaintiffs and Roosters.  (*Id.* at ¶ 29.)  The Complaint states that Roosters' sole members are Defendants Rodney and Ava Cogburn.  (*Id.* at ¶ 4.)[2]  They and the other individual Defendants are family members who collectively owned about thirty acres of farmland, comprised of three lots, where the crop was grown.[3]  (*Id.* at ¶¶ 19, 22.)  The individual Defendants also provided the labor for the joint venture.  (*Id.* at ¶ 33.)  Plaintiffs allege they paid about $800,000 in farming expenses and wages from July to October 2019.  (*Id.* at ¶ 31.)  They estimate the hemp Defendants planted during this time yielded a harvest worth between $29 and $80 million.  (*Id.* at ¶¶ 36, 37.)

Plaintiffs filed this lawsuit in December 2019.  In the operative Third Amended Complaint, they assert claims for (1) breach of contract against Roosters, (2) breach of contract against Defendants Rodney and Ava Cogburn as alter egos of Roosters, (3) conversion against all Defendants, (4) civil theft against all Defendants, and (5) unjust enrichment against the individual Defendants.

### III.   ANALYSIS

Defendants first argue that the allegations against Defendants Sheree and Ben Walcher are insufficient to state a claim against them.  In their Response, Plaintiffs cite more than a dozen paragraphs from the Complaint as providing specific allegations of wrongdoing, but many of them unhelpfully pertain to "all Defendants."  With respect to these specific Defendants

---

[2] According to the Motion, however, Defendant Rodney Cogburn is the sole member of Roosters.  (ECF No. 130 at 2.)
[3] Ray Cogburn, who is also a family member but not a Defendant in this case, also had an interest in one of the lots.

however, there are also allegations that they owned the lot where some of the hemp was grown and that Sheree's permit from the Colorado Department of Agriculture allowed this use. These Defendants, along with the other individual Defendants, are also alleged to have taken possession the hemp harvest, half of which purportedly belonged to Plaintiffs. Because Defendants did not file a Reply, Plaintiffs had the last word on this matter. Taken as a whole, the allegations in the Complaint paint a picture of a family-run operation that planted and harvested hemp at Plaintiffs' expense and then refused to share the proceeds from that harvest. Although the allegations against these Defendants are sparse, particularly considering this is the fourth version of the Complaint, the Court cannot say that they do not plausibly allege claims for conversion, civil theft, and unjust enrichment.

Defendants next argue that the claims against the individual Defendants must be dismissed because there are insufficient allegations that they acted beyond their capacity as agents of Roosters. However, the Complaint makes no mention of any agency relationship between the individual Defendants and Roosters, and the Court declines to infer one at this stage of the case.

Defendants also argue that the economic loss rule bars the claims against Roosters because there is an express contract in this case. But the Colorado Supreme Court recently ruled that the economic loss rule did not bar a statutory civil theft claim in *Bermel v. BlueRadios, Inc.*, 2019 CO 31, ¶ 43. Defendants did not cite *Bermel*, and the Court discerns no basis for distinguishing the instant case on the current record. And in *Rhino Fund LLLP v. Hutchins*, 215 P.3d 1186, 1194-95 (Colo. App. 2008), which is discussed in *Bermel*, a division of the court

of appeals concluded that the economic loss rule did not bar a conversion claim. Therefore, the Court declines to find these claims are barred by the economic loss doctrine.

Finally, Defendants argue that the unjust enrichment claim against Roosters must be dismissed. However, Plaintiffs' unjust enrichment claim is against the individual Defendants only. (*See* ECF No. 131 at 4.)

## IV. CONCLUSION

Accordingly, Defendants' Motion to Dismiss (ECF No. 130) is DENIED.

DATED this 22nd day of April, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge