IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 19-cv-03556-RM-STV

ALON BARAK,
KR8TIV, LLC, a Wyoming limited liability company, and
KR8TIV GROUP, LLC, a Delaware limited liability company,

    Plaintiffs,

v.

ROOSTER'S GUIDE & OUTFITTING ADVENTURES, a Colorado company a/k/a Rocky Mountain Natural Organics,
RODNEY COGBURN, and
AVA COGBURN,

    Defendants.

---

## ORDER

---

Before the Court is Plaintiffs' Motion for Reconsideration (ECF No. 224), seeking an order amending the Court's May 1, 2023, Order (ECF No. 220) on the parties' cross-motions for summary judgment and partial summary judgment (ECF Nos. 189, 191). Citing the Court's inherent authority to consider interlocutory orders, Plaintiffs contend that the Court should dismiss two of Defendants' counterclaims. The Motion has been briefed (ECF Nos. 225, 230) and is denied for the reasons below.

This lawsuit arises from a failed joint venture to cultivate hemp on about thirty acres of farmland in Mesa County, Colorado. The plan was for Defendants to provide property and labor and for Plaintiffs to provide financing. After expenses were reimbursed, the anticipated profits were to be split evenly. Although hemp was planted and harvested, both sides claim that they

did not receive any profits and blame the other for the failed venture. After the Court's May 1 Order, some of Plaintiffs' claims and all of Defendants' counterclaims remain at issue.

In their Third Amended Complaint (ECF No. 99), Plaintiffs asserted claims for breach of contract, conversion, civil theft, and unjust enrichment. Defendants moved for summary judgment on all the claims. (ECF No. 189.) The Court found that Plaintiffs had failed to adduce evidence that the parties reached agreement on the terms Plaintiffs were seeking to enforce; therefore, Defendants were entitled to summary judgment on the breach of contract claims. (ECF No. 220 at 5-9.) The Court further noted that the parties' agreement would not be enforceable to the extent it ran afoul of federal law. *See Sensoria, LLC v. Kaweske*, 581 F. Supp. 3d 1243, 1258 (D. Colo. 2022). The Court found genuine issues of material fact precluded granting summary judgment in Defendants' favor on Plaintiffs' remaining claims, except with respect to the claims against the Walcher Defendants. (ECF No. 220 at 9-11.)

Meanwhile, Defendants assert counterclaims for breach of contract, fraud in the inducement and misrepresentation, and civil theft (ECF No. 161), and Plaintiff moved for summary judgment solely on the civil theft claim (ECF No. 191). The Court found genuine issues of material fact precluded granting summary judgment in Plaintiffs' favor on that claim and did not address Defendants' other claims.

The essence of Plaintiffs' Motion is that because the Court granted summary judgment in Defendants' favor on Plaintiffs' breach of contract claims, it should now grant summary judgment on Defendants' counterclaims for breach of contract and fraud in the inducement and misrepresentation. Plaintiffs contend that Fed. R. Civ. P. 56(f) provides an appropriate vehicle for such relief, if the Court gives Defendants notice and a reasonable time to respond. However,

2

Plaintiffs could have moved to dismiss these claims at the summary judgment stage, and they fail to provide a coherent explanation as to why they did not do so. A motion for reconsideration "cannot be used to expand a judgment to encompass new issues which could have been raised prior to issuance of the judgment." *Sprint Nextel Corp. v. Middle Man, Inc.*, 822 F.3d 524, 536 (10th Cir. 2016) (quotation omitted).

Moreover, pursuant to this Court's Civil Practice Standards, Plaintiffs are limited to a single motion for summary judgment without obtaining the Court's permission, which will be given only in exceptional circumstances. *See* Civ. Practice Standard IV.N.3.a. Plaintiffs have not sought permission to file what is essentially a second motion for summary judgment. Nor have they presented exceptional circumstances that would persuade the Court to consider granting such permission.

Further, the Court notes that the parties' breach of contract claims are not inherently congruent because Defendants' claims are premised on both a written agreement and certain oral promises made by Plaintiffs.

Under the circumstances presented, Plaintiffs' contention of "manifest injustice" rings hollow.

Accordingly, Plaintiffs' Motion (ECF No. 224) is DENIED.

DATED this 24th day of October, 2023.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge