IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 19-cv-03556-PAB-STV

ALON BARAK, individually,
KR8TIV, LLC, a Wyoming limited liability company, and
KR8TIV GROUP, LLC, a Delaware limited liability company,

Plaintiffs, Counter Defendants,

v.

ROOSTER'S GUIDE & OUTFITTING ADVENTURES, a Colorado Company, a/k/a
ROCKY MOUNTAIN NATURAL ORGANICS,
RODNEY COGBURN, and
AVA COGBURN,

Defendants, Counter Claimants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge [Docket No. 313]. The recommendation addresses Defendants' Combined Motion to Dismiss and Motion for Default and Default Judgment [Docket No. 281]. Plaintiff Alon Barak filed an objection, Docket No. 315, and defendants filed a response. Docket No. 318.

## I. BACKGROUND

The facts are set forth in the magistrate judge's recommendation, Docket No. 61 at 2-9, and the Court adopts them for purposes of ruling on the objection. To the extent that plaintiff Barak disputes how the magistrate judge construed certain facts, the Court considers and resolves those arguments below.

Plaintiffs filed this action on December 16, 2019. Docket No. 1. On July 26, 2024, the case was set for an eight-day jury trial to commence on April 21, 2025. Docket No. 244. On March 3, 2025, plaintiffs moved to continue the trial because Mr. Barak contracted Dengue fever. Docket No. 246. The Court granted the motion, Docket No. 256, and the trial was reset for November 30, 2026. Docket No. 263. In January 2026, one of plaintiffs' attorneys filed a motion to withdraw, Docket No. 264, which was granted. Docket No. 266. Shortly thereafter, plaintiffs' remaining attorney filed a motion to withdraw. Docket No. 267. A hearing on the motion to withdraw was set and plaintiffs and their representatives were ordered to attend. Docket No. 272. However, plaintiffs did not attend the hearing. Docket No. 273. Nevertheless, Chief Magistrate Judge Scott T. Varholak granted the motion to withdraw, leaving Mr. Barak pro se and the LLC plaintiffs unrepresented. *Id.* The LLC plaintiffs were ordered to obtain counsel within 30 days of February 25, 2026. *Id.*

On April 22, 2026, Judge Varholak held a status conference, at which plaintiffs and any attorneys representing plaintiffs failed to appear. Docket No. 275. On May 15, 2026, defendants filed a combined motion to dismiss and motion for default judgment. Docket No. 281. On June 16, 2026, Mr. Barak filed a pro se motion for an extension of time to comply with court orders and to continue trial. Docket No. 290. Judge Varholak denied the motion. Docket No. 301. On July 28, 2026, Judge Varholak ordered the LLC plaintiffs to file a status report by August 18, 2026 as to whether they had retained counsel. Docket No. 302. Judge Varholak indicated that failure to retain counsel may result in a recommendation of dismissal of the LLC plaintiffs' affirmative claims. *Id.* On August 18, 2026, counsel entered an appearance on behalf of the LLC plaintiffs for the

limited purpose of seeking an extension of time to retain counsel. Docket No. 308. Judge Varholak granted an extension of time until September 2, 2026 for the LLC plaintiffs to retain counsel. Docket No. 310. Counsel for the LLC plaintiffs have not entered appearances. On September 10, 2026, Judge Varholak issued a recommendation to grant the motion to dismiss to the extent it seeks to dismiss the claims of the LLC plaintiffs brought against defendants without prejudice for failure to obtain counsel, but to deny the motion to dismiss to the extent it seeks to dismiss Mr. Barak's claims against defendants. Docket No. 313 at 19. Judge Varholak recommends denying the motion to the extent it seeks default judgment. *Id.* On September 25, 2026, Mr. Barak filed a timely objection, Docket No. 315, and on October 8, 2026, defendant filed a response. Docket No. 318.

## II. LEGAL STANDARD

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it is both timely and specific. *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*"). A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Id*.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court therefore reviews the non-objected to portions of

a recommendation to confirm there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b). Because Mr. Barak is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III. ANALYSIS

The recommendation notes that, pursuant to the local rules, an LLC "may not appear without counsel admitted to the bar of this court." Docket No. 313 at 11 (quoting D.C.COLO.LAttyR 5(b)). The recommendation states that the LLC plaintiffs have been unrepresented for over six months, despite being informed multiple times that they cannot appear without counsel and despite being warned that a failure to obtain counsel by March 27, 2026 could result in a recommendation that the LLC plaintiffs be dismissed. *Id.* at 12. The recommendation finds that the Court has authority to dismiss the LLC plaintiffs' claims under Federal Rules of Civil Procedure 41(b) and 16(f)(1), although it is only appropriate to do so after analyzing the factors enumerated in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). *Id.* at 12-13. After a detailed analysis of the *Ehranhaus* factors, the recommendation concludes that the LLC plaintiffs' claims should be dismissed without prejudice. Docket No. 313 at 13-16.

Mr. Barak objects to this finding, although he does not argue that Judge Varholak erred in his analysis of the *Ehranhaus* factors. Docket No. 315 at 2. Rather, Mr. Barak presents new evidence that was not before Judge Varholak which he argues supports a finding that the LLC plaintiffs should not be dismissed from this action. *Id.* There are

several issues with Mr. Barak's objection. First, Mr. Barak cannot object to a finding regarding the LLC plaintiffs because he is not their attorney. This alone is reason to overrule the objection. Moreover, Mr. Barak does not point to any legal or factual error with the recommendation's finding, but rather raises new arguments based on new evidence and assertions not before the magistrate judge. As one court in this district recently explained:

> An objection to a recommendation does not, however, provide an opportunity for a party to raise arguments or evidence not presented to the magistrate judge. "Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) (collecting cases). And while district courts retain discretion to "receive additional evidence" when reviewing an objection, *Henderson v. Echostar Commc'ns Corp.*, 172 F. App'x 892, 895 (10th Cir. 2006), they generally decline to do so, *see, e.g.*, *Smith v. Crockett*, No. 20-cv-00841-WJM-MEH, 2023 WL 4945838, at*4 (D. Colo. Aug. 3, 2023); *Quarrie v. N.M. Inst. of Mining & Tech.*, No. 13-cv-00349-MV-SMV, 2014 WL 11456612, at *1 (D.N.M. Apr. 3, 2014).

*Matthias v. Trader Joe's Co.*, No. 25-cv-03466-NYW-STV, 2026 WL 2474733, at *2 (D. Colo. Aug. 24, 2026). This, too, is sufficient for the Court to overrule Mr. Barak's objection.

Even if the Court were to consider Mr. Barak's arguments, it would find them unavailing. Mr. Barak asserts that he was unable to retain counsel for the LLC plaintiffs because, on August 29, 2026, he underwent two surgical procedures in San José, Costa Rica that caused him to be incapacitated. Thus, according to Mr. Barak, he was unable to meet the September 2, 2026 deadline to obtain counsel because he had surgery four days before said deadline. But the order setting the September 2, 2026 deadline was issued on August 19, 2026. Docket No. 310. Mr. Barak states that he traveled to Costa Rica for the surgery, indicating that it was scheduled in advance.

Docket No. 315 at 3. Mr. Barak does not explain why he did not obtain counsel between August 19, 2026 and the date of his surgery on August 29, 2026, particularly in light of the fact that Mr. Barak presumably was aware of the scheduled, upcoming surgery. Thus, the Court finds that Mr. Barak's surgery does not provide reason to miss the deadline for obtaining counsel. This is especially true considering that Mr. Barak was originally informed on February 25, 2026 that the LLC plaintiffs could not appear without counsel. Docket No. 273.

Mr. Barak asserts that, if given 45 more days, he will "complete the engagement agreement" with the counsel that entered a limited appearance for the LLC plaintiffs. Docket No. 315 at 9. However, over 45 days have passed since the September 2, 2026 deadline, and counsel has not entered an appearance for full representation of the LLC plaintiffs. Mr. Barak does not explain why counsel has not yet entered an appearance in this timeframe or provide reason to believe that he would obtain counsel in an additional 45 days. Moreover, trial is set to commence in less than 45 days, making such an extension impractical. Thus, the Court will overrule Mr. Barak's objection and dismiss the LLC plaintiffs' claims without prejudice.

The magistrate judge recommends denying the motion to the extent it seeks to dismiss Mr. Barak's affirmative claims with prejudice and to the extent it seeks default judgment on its counterclaims against Mr. Barak and the LLC plaintiffs. Docket No. 313 at 16-19. Defendants did not file an objection to the recommendation. The Court has reviewed the non-objected to portions of the recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that these portions of the

recommendation are a correct application of the facts and the law and will accept the magistrate judge's recommendation.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 313] is **ACCEPTED**. It is further

**ORDERED** that Plaintiff Alon Barak's Objections to Magistrate Judge's Recommendation of Defendants' Combined Motion to Dismiss and Motion for Default Judgment (Dkt. 313) and Declaration of Alon Barak in Support Thereof [Docket No. 315] are **OVERRULED**. It is further

**ORDERED** that Defendants' Combined Motion to Dismiss and Motion for Default and Default Judgment [Docket No. 281] is **GRANTED in part** and **DENIED in part**. It is further

**ORDERED** that KR8TIV, LLC and KR8TIV Group, LLC's claims are **DISMISSED without prejudice**.

DATED October 21, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge