IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 19-cv-03556-PAB-STV

ALON BARAK, individually,

Plaintiff/Counter-Defendant,

v.

ROOSTER'S GUIDE & OUTFITTING ADVENTURES, a Colorado Company, a/k/a
ROCKY MOUNTAIN NATURAL ORGANICS,
RODNEY COGBURN, and
AVA COGBURN,

Defendants/Counter-Claimants.

---

**ORDER**

---

This matter is before the Court on Plaintiff Alon Barak's Emergency Motion for Continuance of Trial [Opposed] and for Stay of all Pretrial Deadlines Pending Ruling [Docket No. 321]. Defendants filed a response. Docket No. 324.

## I. BACKGROUND

Plaintiff filed this action on December 16, 2019.[1] Docket No. 1. On July 26, 2024, the case was set for an eight-day jury trial to commence on April 21, 2025. Docket No. 244. On March 3, 2025, plaintiff moved to continue the trial because he contracted Dengue fever. Docket No. 246. The Court granted the motion, Docket No. 256, and the trial was reset for November 30, 2026. Docket No. 263. The trial preparation conference ("TPC") was reset for November 13, 2026. *Id.* On June 16,

[1] Plaintiff is proceeding pro se, and the Court therefore construes his filing liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

2026, plaintiff filed a motion to continue the trial due to health concerns, Docket No. 290, which was denied by Chief Magistrate Judge Scott T. Varholak on July 8, 2026. Docket No. 301.

On October 27, 2026, plaintiff filed another motion to continue the trial and stay all pretrial deadlines. Docket No. 321. Plaintiff asserts that he attached multiple medical documents which show that plaintiff is unable to attend trial. *Id.* at 4-12. However, plaintiff does not attach any medical documents to his motion, nor has he filed any such documents since filing the motion to continue.[2] On October 29, 2026, defendants filed a response. Docket No. 324.

## II. LEGAL STANDARD

The relevant factors in resolving a motion to continue are "[1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that [movant] might suffer as a result of the district court's denial of the continuance." *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987)). No single factor is dispositive. *West*, 828 F.2d at 1470.

[2] The only attachment to plaintiff's motion to continue is his proposed jury instructions. Docket No. 321-1. Notably, this undercuts plaintiff's assertion that, due to his medical conditions, he cannot draft jury instructions. Docket No. 321 at 11.

## III. ANALYSIS

### A. *Rogers* Factors

#### *1. Need for Continuance*

Plaintiff asserts that a continuance is necessary because his medical conditions make trial participation "Physically Impossible." Docket No. 321 at 10. Purporting to cite Exhibit A (which plaintiff does not attach or otherwise file with the Court), plaintiff asserts that he experiences periods in which speaking is not possible due to pain. *Id.* Plaintiff also states that his physician recommends that he be admitted to a hospital immediately.[3] *Id.* Plaintiff asserts that these difficulties do not present "a temporary inconvenience," but rather are "chronic" and that his doctor "projects a minimum of 10 to 16 additional months of active medical management." *Id.* at 11. Despite stating that his condition is chronic, plaintiff states that he "is not asking the Court to wait indefinitely." *Id.*

Defendants argue that plaintiff has not demonstrated that a continuance is necessary. Docket No. 324 at 3-6. For one, defendants note that plaintiff's arguments are unsubstantiated because he did not attach any of the referenced exhibits to his motion. *Id.* at 4. Defendants argue that, even if the exhibits were attached, plaintiff's assertions do not demonstrate a need to continue the trial. *Id.* at 4-5. Specifically, defendants assert that plaintiff's purported health problems do not indicate that he is mentally unfit or is unable to travel to Denver and sit through a trial. *Id.* at 4.

The Court agrees with defendants. As one court in this district concluded, "[t]o obtain a continuance based on medical danger, [a party] generally must provide a

[3] Plaintiff does not assert that he has been admitted to a hospital or explain why his physician purportedly recommended that he be admitted to a hospital.

written report or affidavit from a physician stating that proceeding with trial would pose a substantial danger to [the party's] life." *United States v. Powell*, No. 11-00036-KHV, 2012 WL 426686, at *1 (D. Colo. Feb. 10, 2012) (citing *United States v. Brown*, 821 F.2d 986, 989 (4th Cir. 1987); *United States v. Ramirez*, 2010 WL 848808, at *4–6 (E. D. Mich. March 10, 2010)). Plaintiff does not meet that standard here. But even presuming that plaintiff need not submit an affidavit, the Court finds that plaintiff's allegations are insufficient to continue the trial. Although plaintiff's assertions that, at times, he experiences extreme pain in speaking and that his doctor recommended he be hospitalized raise serious issues, nevertheless the Court finds they do not demonstrate a need to continue the trial. For one, the assertions are unsubstantiated. Plaintiff has had eight days to provide the exhibits, but has failed to do so. But even if plaintiff substantiated his claims, the Court finds that occasional pain while speaking does not pose a substantial danger to plaintiff or, by itself, justify continuing trial. Plaintiff states that he experiences "periods" in which speaking is not possible due to pain, but does not provide reason to believe he would experience such an episode during trial or explain why his pain cannot be managed with the help of his doctors. *See* Docket No. 321 at 10. And, while plaintiff states that his doctor recommended that he admit himself to a hospital immediately, plaintiff does not state when or why he received that recommendation, whether he followed his doctor's advice, and, if so, what the hospital recommends.[4] *See id.*

---

[4] Moreover, there is reason to doubt plaintiff's sincerity regarding the severity of his condition. Plaintiff asserts that he cannot submit jury instructions "at a functional level" due to his health. Docket No. 321 at 11. However, plaintiff attaches his proposed jury instructions to the very motion making the claim that he cannot submit such instructions. *See* Docket No. 321-1.

***2. Inconvenience to Opposing Party, Witnesses, and Court***

Next, the Court finds that defendants would be inconvenienced by a continuance. Plaintiff states that the fact the case has been pending since 2019 indicates that defendants would not be inconvenienced.[5] *Id.* at 13. The Court disagrees. Defendants have been waiting for resolution of this matter for almost seven years, expending time and resources on this litigation. Further delay will cause defendants to expend more time and resources. Such delay would also inconvenience witnesses, who have cleared their calendars for trial, and the Court, which has set aside time for trial. Thus, the Court finds this factor weighs in favor of defendants.

***3. Purpose of Continuance***

The Court finds that plaintiff has not demonstrated that a continuance would accomplish the purpose underlying plaintiff's request for a continuance. Plaintiff asserts that a continuance is necessary due to his medical conditions. *Id.* at 10-11. But plaintiff describes his conditions as "chronic" and states that his doctor "projects a minimum of 10 to 16 additional months of active medical management." *Id.* at 11. Plaintiff provides no reason to believe he would not seek to continue the trial again if the Court were to reset it. In fact, the Court has already continued this trial once due to plaintiff's health issues. Docket No. 256. When a party provides no reason to believe that his or her medical condition would improve in the future, courts have found it improper to grant a continuance. *See Watchous Enters., LLC v. Pac. Nat'l Cap.*, 2021 WL 2592882, at *3 (D. Kan. June 24, 2021) (denying a motion for a continuance because, among other things, the movant's physical condition would likely remain the same and there was no

[5] Plaintiff uses the term prejudiced. Docket No. 321 at 13. The factor, however, considers inconvenience, not prejudice. *Rogers*, 502 F.3d at 1151.

reason to believe the movant would not ask for another continuance). Therefore, the Court finds this factor weighs in favor of defendants.

***4. Diligence of Movant***

Finally, the Court finds that plaintiff was not diligent in requesting this continuance. While plaintiff initially moved to continue the trial on June 16, 2026, Docket No. 290, that motion was denied. Docket No. 301. This new motion was filed on October 27, 2026, less than three weeks before the November 13, 2026 TPC. And while plaintiff states that his condition has deteriorated this month, Docket No. 321 at 6-7, plaintiff does not assert that the deterioration is what renders him unable to participate in trial.[6] Thus, the Court finds that all four factors weigh in favor of defendants and the Court will deny the motion to continue.

**B. TPC Attendance**

The Court's Practice Standards mandate in-person attendance at the TPC.[7] Practice Standards (Civil cases), Judge Philip A. Brimmer, § IV.E. The Court advises plaintiff that "Rule 16(f) enables the court to impose sanctions, including dismissal, when a party fails to appear . . . at a . . . pretrial conference." *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also* Fed. R. Civ. P. 16(f)(1)(A); Fed. R. Civ. P. 37(b)(2)(A)(v). When a court chooses dismissal as a sanction, it considers the factors

---

[6] Plaintiff also states that he has a colonoscopy and endoscopy scheduled for mid-November. Docket No. 321 at 7. But plaintiff does not allege that this procedure is due to a medical emergency or explain why plaintiff could not schedule the procedure to take place at another time.

[7] While the Court excused Shoshana Rosenthal, one of defendants' lawyers, from in-person attendance at the TPC, defendants have multiple attorneys representing them. *See* Docket No. 319. That is different from plaintiff, who is representing himself and is not familiar with trial practice. Plaintiff has not asked to be excused from in-person attendance, and the Court requires plaintiff to attend the TPC in-person.

set out in *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). These factors include “(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant . . .; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance . . .; and (5) the efficacy of lesser sanctions.” *Id.* (citations omitted). The Court warns plaintiff that the failure to follow the Court’s rules and orders—including its rule to attend the TPC in-person—constitutes grounds for possible sanctions, including dismissal.

## IV. CONCLUSION

Therefore, it is

**ORDERED** that Plaintiff Alon Barak’s Emergency Motion for Continuance of Trial [Opposed] and for Stay of all Pretrial Deadlines Pending Ruling [Docket No. 321] is **DENIED**.

DATED November 4, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge